**COREGIS INSURANCE COMPANY,**
**Appellant,**

v.

**LAW OFFICES OF CAROLE F. KAFRISSEN, P.C.; Carole F. Kafrissen, Individually; Cynthia Clark.**

No. 01–4517.

United States Court of Appeals, Third Circuit.

ARGUED Oct. 31, 2002.

Decided Jan. 27, 2003.

Jeffrey A. Goldwater, Bryan G. Schumann, Edward F. Ruberry, Bollinger, Ru-

berry & Garvey, Chicago, IL, Steven J. Polansky, (Argued), Marshall, Dennehey, Warner, Coleman & Goggin, Cherry Hill, NJ, for Appellant.

Thomas D. Schneider, Philadelphia, PA, Ronald F. Kidd, Sr., Philadelphia, PA, for Appellees.

Before NYGAARD and WEIS, Circuit Judges and IRENAS,* District Judge.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

The District Court ordered Coregis Insurance Company to produce six documents. On appeal Coregis alleges that the District Court erred by: (1) applying the Pennsylvania work product doctrine rather than the federal standard to four of the documents; (2) failing to apply the work product doctrine to the remaining two documents; (3) concluding that none of the documents were protected by the work product doctrine; and (4) holding that the Pennsylvania attorney-client privilege allowed the partial disclosure of two documents. We have jurisdiction pursuant to the collateral order doctrine over discovery orders compelling disclosure of material that may be protected by the work product doctrine or attorney-client privilege. *In re Ford Motor Co.*, 110 F.3d 954, 964 (3d Cir.1997). Although we generally review the decision to grant a motion to compel for abuse of discretion, our review is plena-

ry where the decision was based upon the interpretation of a legal precept. *Armstrong v. Dwyer*, 155 F.3d 211, 214 (3d Cir.1998). We will now reverse.[1]

The facts of the case are well known to the parties and we note only that this is a dispute between an attorney and her malpractice insurer over the settlement of an underlying malpractice claim. The insurer, Coregis, filed for a declaratory judgment to define the scope of their coverage in the malpractice claim against the Appellee, The Law Offices of Carole F. Kafrissen, P.C. Coregis sought to escape coverage liability based on contractual provisions in the insurance policy and recoup the amount already paid to Cynthia Clark, the malpractice claimant. Kafrissen counterclaimed, alleging breach of contract and bad faith. As part of discovery for the bad faith counterclaim, Kafrissen requested that Corgis provide the entire claims file it held on the underlying malpractice claim. Coregis produced nearly all of the documents from this file, but refused to provide a November 1998 memorandum prepared by a claims representative, and five other documents referred to in that memorandum, arguing that the work product doctrine and the attorney-client privilege protected these documents.

The District Court applied the Pennsylvania work product doctrine, codified at PA. R. Civ. P. 4003.3.[2] The Court found

---

* Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

1. Because we resolve this dispute on the federal work product doctrine issue, we do not reach the attorney-client privilege issue.

2. Section 4003.3 provides that:
   [A] party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation

or trial by or for another party or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or

that the "privilege is not absolute, and may be discoverable in situations where the legal opinion of an attorney is relevant in a civil action." Order of December 12, 2001, J.A. at 269–71. Although this statement is equally true in the federal context, the Court went on to find that "[t]he information need only be 'relevant', and the party seeking the materials need not show substantial hardship." *Id.* The District Court cited Pennsylvania authority for the proposition that Kafrissen did not need to demonstrate substantial hardship. The District Court erred in its analysis.

In *United Coal Cos. v. Powell Construction Co.*, 839 F.2d 958, 966 (3d Cir. 1988), we held that "[u]nlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in FED. R. CIV. P. 26(b)(3)." Under the federal work product doctrine, a party seeking discovery of documents created in the anticipation of litigation must show they have "substantial need of the materials in the preparation of the party's case." FED. R. CIV. P. 26(b)(3). The parties must also show they are "unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* Even if those requirements are met, the court will still withhold documents that would disclose "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the lawsuit." *Id.* Thus, Kafrissen must make a showing of substantial

need and undue hardship before these documents must be produced.

All six of the documents were submitted to us *in camera.* Upon examination, it is apparent that they were created by Coregis or its representatives in anticipation of the coverage litigation. The only question is whether Kafrissen's bad faith claim relates to the documents, in other words, if the documents sought represent mental impressions, etc. relevant to the accusations of bad faith in the underlying malpractice claim. Coregis urges that there is a distinction between the release of documents related to settlement of the underlying claim and documents related to the instant coverage action. We agree. The documents before us were prepared in anticipation of litigation involving coverage and should be distinguished from Coregis' handling of the underlying malpractice claim.

The decision that a document is protected by the work product doctrine is not a linear conclusion and is necessarily dependant on both the content of the document and the factual showing by the party seeking disclosure. Here, disclosure is inappropriate· because the documents anticipate coverage litigation and relate primarily to the mental impressions and legal opinions on how to proceed with the coverage litigation. Because these documents relate to the current litigation and not the underlying claim, Kafrissen cannot demonstrate substantial need and the documents should be protected.[3]

---

opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

3. Kafrissen also alleges that Coregis waived any privilege by attaching an affidavit from counsel that purports to explain what happened during settlement. Kafrissen claims that by relying on the "advice of counsel" defense, Coregis has waived their work prod-

uct and attorney-client privileges. Kafrissen is mistaken that the affidavit places the "advice of counsel" in issue. Based on our precedent, an affirmative step must be taken to put the attorneys' mind in issue, mere relevance is not enough. *Rhone–Poulenc Rorer, Inc. v. The Home Indemnity Co.,* 32 F.3d 851, 863 (3d Cir.1994)("Advice is not in issue merely because it is relevant ... advice of counsel is placed in issue where the client

For the foregoing reasons, we will reverse the order of the District Court compelling production of these six documents.

---

asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication."). Coregis has not pleaded this defense, nor has it placed "advice of counsel" in issue merely by submitting the factual affidavit.